IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DON GODDARD<br>and<br>ANGELA GODDARD,<br><br>    Plaintiffs,<br><br>v.<br><br>ROUNDPOINT MORTGAGE<br>SERVICING CORPORATION,<br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, UNITED FUNDING<br>MORTGAGE CORP., and NATIONSTAR<br>MORTGAGE LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action File
No. 2010CV185291

### AMENDED COMPLAINT

COME NOW, Plaintiffs Don Goddard and Angela Goddard, by and through

counsel, and show this Court the following:

1.

Plaintiffs name RoundPoint Mortgage Servicing Corporation ("Roundpoint") as

Defendant. Roundpoint is a Florida corporation and is registered with the Georgia

Secretary of State to transact business in the State of Georgia.

2.

Roundpoint may be served through its registered agent, C T Corporation System,

which is located at 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361.

3.

Roundpoint is subject to the personal jurisdiction of this Court by virtue of its

presence in the State of Georgia.

4.

Plaintiffs name Federal Deposit Insurance Corporation (the "FDIC") as Defendant.  FDIC is an agency of the United States of America and is registered with the Georgia Secretary of State to transact business in the State of Georgia.

5.

The FDIC may be served through its registered agent, Andrea Fulton Toliver, whose address is 10 Tenth Street, Suite 800, Atlanta, Fulton County, Georgia  30309.

6.

The FDIC is subject to the personal jurisdiction of this Court by virtue of its presence in the State of Georgia.

7.

Plaintiffs name United Funding Mortgage Corp. ("United") as Defendant.  United is a Georgia corporation whose principal place of business is 11575 Great Oaks Way, Suite 100, Alpharetta, Georgia 30022.

8.

United may be served through its registered agent, National Corporate Research, Ltd., which is located at 3675 Crestwood Parkway, Suite 350, Duluth, Gwinnett County, Georgia  30096.

9.

United is subject to the personal jurisdiction of this Court by virtue of its presence in the State of Georgia.

10.

Plaintiffs name Nationstar Mortgage LLC ("Nationstar") as Defendant. Nationstar is a Delaware corporation and is registered with the Georgia Secretary of State to transact business in the State of Georgia.

11.

Nationstar may be served through its registered agent, Corporation Service Company, which is located at 40 Technology Parkway, South, #300, Norcross, Gwinnett County, Georgia 30092.

12.

United is subject to the personal jurisdiction of this Court by virtue of its presence in the State of Georgia.

13.

Venue is proper in this Court.

14.

This is a proceeding seeking a declaratory judgment by virtue of the provisions of the Declaratory Judgment Act, O.C.G.A. §§ 9-4-1 et seq. and removing any cloud of title pursuant to O.C.G.A. §§ 23-3-60 et seq.

15.

Plaintiffs show that there is an actual controversy between Plaintiffs and Defendants, arising out of the following statement of facts, to-wit:

16.

On or about July 31, 2009, Plaintiffs obtained financing from United in the form of two loans.  One loan was secured by property located at 126 Sweetgum Road,

3

Peachtree City, Georgia 30269 (the "Sweetgum Property") and the other loan was secured by property located at 520 Stonehaven Drive, Fayetteville, Georgia 30215 (the "Stonehaven Property"; and together with the Sweetgum Property, collectively, the "Properties").

17.

Roundpoint mailed two (2) letters to Plaintiff Don Goddard dated August 12, 2009. The first letter indicated that the servicing of the loan secured by the Sweetgum Property (the "Sweetgum Loan") and the right to collect payments thereunder was being transferred from Taylor, Bean & Whitaker Mortgage Corporation ("TBW") to Roundpoint. See Exhibit "A" attached hereto and incorporated herein by reference. The second letter indicated that the servicing of the loan secured by the Stonehaven Property (the "Stonehaven Loan"; and together with the Sweetgum Loan, collectively, the "Loans") and the right to collect payments thereunder was being transferred from TBW to Roundpoint. See Exhibit "B" attached hereto and incorporated herein by reference.

18.

Plaintiffs had never received any documentation from United or TBW indicating that TBW was the servicer of either of the Loans or otherwise had any rights, title or interest in the Loans. Roundpoint did not provide Plaintiffs with any monthly statement or coupon book with respect to either of the Loans. Nonetheless, in order to avoid a default under the Loans, on September 1, 2009, Plaintiffs made a payment to Roundpoint on the Sweetgum Loan, in the requested amount of $867.83, and made a payment to Roundpoint on the Stonehaven Loan, in the requested amount of $2,462.70.

4

19.

Roundpoint mailed an additional letter to Plaintiff Don Goddard dated October 23, 2009. See Exhibit "C" attached hereto and incorporated herein by reference. The letter stated that Roundpoint would not be servicing Plaintiff Don Goddard's loan. (The letter only referred to a "loan" rather than "loans," and did not indicate to which loan it was referring.) Included with the letter was a check in the amount of $7,089.09. This check was a reimbursement for the September 1st payment of $867.83 on the Sweetgum Loan and the September 1st payment of $2,462.70 on the Stonehaven Loan and also included payment of $3,758.56 in insurance proceeds that Roundpoint had been holding related to the Sweetgum Property.

20.

Roundpoint mailed two (2) additional letters to Plaintiff Don Goddard dated January 19, 2010. One letter indicated that the servicing of the Sweetgum Loan and the right to collect payments thereunder was being transferred from United to Roundpoint. See Exhibit "D" attached hereto and incorporated herein by reference. The other letter indicated that the servicing of the Stonehaven Loan and the right to collect payments thereunder was being transferred from United to Roundpoint. See Exhibit "E" attached hereto and incorporated herein by reference.

21.

Plaintiffs had never received any documentation from United indicating that United was the servicer of the Loans. In fact, after the Loans closed, Plaintiffs only received two (2) letters from United, one dated October 15, 2009 (see Exhibit "F" attached hereto and incorporated herein by reference) and the other dated December 3,

5

2009 (see Exhibit "G" attached hereto and incorporated herein by reference), both of which indicated that the servicing of the Loans had been transferred to TBW.

### 22.

Plaintiffs have repeatedly requested both in writing and orally, documentation from Roundpoint that would evidence its ownership and/or servicing rights in the Loans, but Roundpoint has not provided any such documentation.

### 23.

The security deeds securing the Loans are each in favor of United.  See Exhibit "H" attached hereto and incorporated herein by reference.

### 24.

On May 5, 2010, Plaintiffs file suit seeking a declaratory judgment in order to determine the proper owner of the Loans to insure that payments remitted by Plaintiffs are properly applied in accordance with the terms of the Loans.

### 25.

On September 9, 2010, Roundpoint sent letters to Plaintiffs notifying them that servicing of the Loans was being transferred to Nationstar.  See Exhibits "I" and "J" attached hereto and incorporated herein by reference.

### 26.

Without notice to Plaintiffs, on September 16, 2010, Mortgage Electronic Registration Systems, Inc., as nominee for United, assigned and transferred ownership of the Loans to the FDIC "as Receiver for Colonial Bank."  See Exhibits "K" and "L" attached hereto and incorporated herein by reference.

27.

To date, there has been no indication as to who currently possesses the promissory notes associated with the Loans. In fact, Plaintiffs requested in writing that Roundpoint produce the notes and Roundpoint failed to do so.

28.

Roundpoint, and now Nationstar, simply maintains that Plaintiffs should make payments on the Loans in accordance with their instructions, without providing any evidence or proof of same.

29.

Understandably, Plaintiffs are unclear as to the correct owner of the Loan and/or servicer of the Loans. Plaintiffs do not wish to make payments on the Loans to the wrong entity.

30.

With respect to the Sweetgum Property, Roundpoint has stated that it is currently holding $1,700.55 in escrow for the payment of taxes and insurance. With respect to the Stonehaven Property, Roundpoint has stated that it is currently holding $2,477.70 in escrow for the payment of taxes and insurance. It is unclear whether these proceeds have been transferred to Nationstar or if Roundpoint continues to hold such funds.

31.

Plaintiffs have paid taxes and insurance out of their own pockets. With respect to the Sweetgum Property, Plaintiffs have paid property taxes in the amount of $1,915.24 and insurance in the amount of $506.94. With respect to the Stonehaven Property,

7

Plaintiffs have paid property taxes in the amount of $3,003.77, and insurance in the amount of $773.69 was paid at the closing of the Stonehaven Loan.

32.

In the event that Roundpoint holds the escrow funds and is not the correct owner or servicer of the Loans, the Plaintiffs seek a declaration that Roundpoint has no rights in said escrow funds. In the event Nationstar holds the escrow funds and is not the correct owner or servicer of the Loans, the Plaintiffs seek a declaration that Nationstar has no rights in said escrow funds.

33.

Plaintiffs allege that their rights with respect to said controversy are: (a) a declaration as to whether any of the Defendants is (i) the legal owner of the Loans, and (ii) the correct party to whom payments on the Loans are to be made; (b) no default interest, late penalties or other such charges should be due and payable by Plaintiffs until the correct owner and servicer of the Loan is determined; (c) that Plaintiff be awarded attorneys' fees and costs for being forced to bring this action to determine the correct owner and servicer of the Loan and to whom payments on the Loans are to be made; and (d) pursuant to O.C.G.A. §§ 23-3-61 et seq., all clouds on title to the Properties be removed. In the event that neither Roundpoint nor Nationstar is the correct owner or servicer of the Loans, the Plaintiffs seek a declaration that such Defendants have no rights in the above-referenced escrow funds. Plaintiffs show that they are entitled to a declaration of these rights, and a declaration with reference to their legal relations thereto.

34.

Plaintiffs show that Nationstar has provided notice asserting that Plaintiffs are in default under the Stonehaven Loan and the failure to remedy such alleged default may result in foreclosure.   See Exhibit "M" attached hereto and incorporated herein by reference.   While Plaintiffs have not yet received a notice of default from Nationstar regarding the Sweetgum Loan, based upon Nationstar's actions detailed above, Plaintiffs believe Nationstar will provide such notice and will commence foreclosure proceedings against the Properties and it will do so before a judgment can be rendered in this action, unless Nationstar and the other Defendants claiming rights in the Loans are restrained and enjoined from doing so by this Court.

35.

The conduct sought to be restrained will injure Plaintiffs in the following particulars: Plaintiffs' Properties will have been foreclosed upon even though Plaintiffs have always been willing to pay on their Loans, but only to the correct entity, and foreclosing on the Properties would cause serious financial injury to Plaintiffs and would seriously damage Plaintiffs' credit.

36.

Despite repeated requests and Plaintiffs being forced to file suit, none of the Defendants have shown that it is the correct owner of the Loans and/or entity to which payments are to be made on the Loans.  If any of the Defendants is the correct entity, they should prove it, including producing the original promissory notes delivered by Plaintiffs in connection with the closing of the Loans.  If none of the Defendants are the correct

9

entity, none have any rights to foreclose on the Properties or to hold Plaintiffs' escrow funds.

37.

Because of the facts herein alleged, the Defendants should be restrained and enjoined by this Court from commencing foreclosure proceedings with respect to the Properties, pending the adjudication of the questions raised in this Complaint, and in order to maintain the status pending the adjudication of such questions, in order to preserve the rights of the Plaintiffs as hereinabove set out, this Court should grant a restraining order pending said adjudication.

38.

A declaratory judgment or decree on the issues set forth herein will eliminate the uncertainty and controversy giving rise to this action.

39.

The issues of fact raised by this Complaint should be submitted to a jury for a determination of such issues of fact.

40.

Plaintiffs show that this Court should designate a time not earlier than twenty (20) days after the service of this Complaint, and that process issue thereon, for a trial of this controversy.

41.

Defendants have acted in bad faith and has caused Plaintiffs unnecessary trouble and expense, thereby entitling Plaintiffs to an award of attorneys' fees and costs pursuant

to O.C.G.A. § 13-6-11. Plaintiffs hereby give notice of their intention to pursue such fees and costs.

WHEREFORE, Plaintiffs pray that:

(a)   they be granted a trial by jury;

(b)   process issue in terms of the law requiring Defendants to answer this Complaint as provided by law;

(c)   Defendants be restrained and enjoined from commencing foreclosure proceedings on the Properties until further order of this Court, and that Defendants be required to show cause on a day certain why said restraining order and injunction should not be continued as granted;

(d)   this Court enter a judgment in said matter declaring whether any of Defendants is the correct owner and/or servicer of the Loans;

(e)   in the event that none of the Defendants is the correct entity to whom payments on the Loans should be made, this Court enter a judgment in this matter declaring that none of the Defendants have any rights in the escrow funds referenced herein;

(f)   this Court order the Defendants to waive all default interest, late penalties and other such charges should until the date that the correct owners and/or servicers of the Loans are determined;

(g)   this Court modify the Loans to provide that principal and interest payments due thereunder commence only upon the date that the correct owners and/or servicers of the Loans are determined;

11

(h)     this Court, pursuant to O.C.G.A. §§ 23-3-61 et seq., remove all clouds on title
to the Properties;

(i)     they be awarded special damages, including attorneys' fees and costs,
pursuant to O.C.G.A. § 13-6-11, in an amount to be determined at trial; and

(j)     they be awarded such other and further relief as this Court may deem just and
proper.

Respectfully submitted, this the 4th day of November, 2010.

RUSTY A. FLEMING
Georgia Bar No. 704211
Counsel for Plaintiffs

The Fleming Firm
12600 Deerfield Parkway
Suite 100
Alpharetta, Georgia 30004
Phone: (678) 566-3685
Fax:  (678) 261-6481

12

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DON GODDARD                           )
and                                   )
ANGELA GODDARD,                       )
                                      )
        Plaintiffs,                   )
                                      )        Civil Action File
        v.                            )        No. 2010CV185291
                                      )
ROUNDPOINT MORTGAGE                   )
SERVICING CORPORATION,                )
FEDERAL DEPOSIT INSURANCE             )
CORPORATION, UNITED FUNDING           )
MORTGAGE CORP., and NATIONSTAR        )
MORTGAGE LLC,                         )
                                      )
        Defendants.                   )
_____)

## SUMMONS

To the above-named Defendant:

> Roundpoint Mortgage Servicing Corporation
> c/o Frank R. Olson, Esq. and Todd H. Surden, Esq.
> McCurdy & Candler LLC
> Building 6, Suite 700
> 3525 Piedmont Road NE
> Atlanta, GA 30305

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's attorney, whose address is:

> Rusty A. Fleming, Esq.
> The Fleming Firm
> 12600 Deerfield Parkway
> Suite 100
> Alpharetta, Georgia 30004

an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of November, 2010.

_____
Clerk of Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DON GODDARD                        )
and                                )
ANGELA GODDARD,                    )
                                   )
    Plaintiffs,                    )
                                   )        Civil Action File
    v.                             )        No. 2010CV185291
                                   )
ROUNDPOINT MORTGAGE                )
SERVICING CORPORATION,             )
FEDERAL DEPOSIT INSURANCE          )
CORPORATION, UNITED MORTGAGE       )
FUNDING CORP., and NATIONSTAR      )
MORTGAGE LLC,                      )
                                   )
    Defendants.                    )
_____)

## SUMMONS

To the above-named Defendant:

> Federal Deposit Insurance Corporation
> c/o Andrea Fulton Toliver
> 10 Tenth Street
> Suite 800
> Atlanta, GA 30309

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's attorney, whose address is:

> Rusty A. Fleming, Esq.
> The Fleming Firm
> 12600 Deerfield Parkway
> Suite 100
> Alpharetta, Georgia 30004

an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____ day of November, 2010.

_____
Clerk of Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DON GODDARD                              )
and                                      )
ANGELA GODDARD,                          )
                                         )
        Plaintiffs,                      )
                                         )        Civil Action File
        v.                               )        No. 2010CV185291
                                         )
ROUNDPOINT MORTGAGE                      )
SERVICING CORPORATION,                   )
FEDERAL DEPOSIT INSURANCE                )
CORPORATION, UNITED FUNDING              )
MORTGAGE CORP., and NATIONSTAR           )
MORTGAGE LLC,                            )
                                         )
        Defendants.                      )
_____)

## SUMMONS

To the above-named Defendant:

     United Funding Mortgage Corp.
     c/o National Corporate Research, Ltd.
     3675 Crestwood Parkway
     Suite 350
     Duluth, GA 30096

     You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's attorney, whose address is:

     Rusty A. Fleming, Esq.
     The Fleming Firm
     12600 Deerfield Parkway
     Suite 100
     Alpharetta, Georgia 30004

an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of November, 2010.

_____
Clerk of Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DON GODDARD                      )
and                              )
ANGELA GODDARD,                  )
                                 )
        Plaintiffs,              )
                                 )        Civil Action File
        v.                       )        No. 2010CV185291
                                 )
ROUNDPOINT MORTGAGE              )
SERVICING CORPORATION,           )
FEDERAL DEPOSIT INSURANCE        )
CORPORATION, UNITED FUNDING      )
MORTGAGE CORP., and NATIONSTAR   )
MORTGAGE LLC,                    )
                                 )
        Defendants.              )
_____)

## SUMMONS

To the above-named Defendant:

Nationstar Mortgage LLC
c/o Corporation Service Company
40 Technology Parkway, South
#300
Norcross, GA  30092

    You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's attorney, whose address is:

        Rusty A. Fleming, Esq.
        The Fleming Firm
        12600 Deerfield Parkway
        Suite 100
        Alpharetta, Georgia 30004

an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of November, 2010.

_____
Clerk of Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DON GODDARD                          )
and                                  )
ANGELA GODDARD,                      )
                                     )
     Plaintiffs,                    )
                                     )        Civil Action File
     v.                             )        No. 2010CV185291
                                     )
ROUNDPOINT MORTGAGE                  )
SERVICING CORPORATION,               )
                                     )
     Defendant.                     )
                                     )

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths in the State of Georgia, **Plaintiff Don Goddard,** who after having first been duly sworn, deposes and states on oath that the information in the foregoing Amended Complaint is true and correct according to the best of his knowledge, information and ability.

This 2ⁿᵈ day of _NOV_ , 2010.

_____
**DON GODDARD**

Sworn to and subscribed before me
this 2ᵉ day of _November_ , 2010.

_____
Notary Public

My Commission Expires:

_____
(AFFIX NOTARIAL SEAL)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

DON GODDARD                          )
and                                  )
ANGELA GODDARD,                      )
                                     )
    Plaintiffs,                      )
                                     )          Civil Action File
    v.                               )          No. 2010CV185291
                                     )
ROUNDPOINT MORTGAGE                  )
SERVICING CORPORATION,               )
                                     )
    Defendant.                       )
                                     )

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths in the State of Georgia, **Plaintiff Angela Goddard,** who after having first been duly sworn, deposes and states on oath that the information in the foregoing Amended Complaint is true and correct according to the best of her knowledge, information and ability.

This 2 nd day of NOV , 2010.

_____
**ANGELA GODDARD**

Sworn to and subscribed before me
this 2 day of November , 2010.

Notary Public

My Commission Expires:

(AFFIX NOTARIAL SEAL)