IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DON GODDARD & ANGELA GODDARD ) ) ) Plaintiffs, ) ) vs. ) ) ROUNDPOINT MORTGAGE ) SERVICING CORPORATION, ) FEDERAL DEPOSIT INSURANCE ) CORPATION, AS RECEIVER FOR ) COLONIAL BANK, UNITED ) FUNDING MORTGAGE CORPORATION & NATIONSTAR MORTGAGE LLC | CIVIL ACTION FILE NO: 1:11-CV-01545-AT |
| Defendants. | |

JOINT PRELIMINARY REPORT AND DISCOVERY PLAN[1]

1.  Description of Case:

    (a) Describe briefly the nature of this action.

    By Plaintiffs: This action is a declaratory judgment action where Plaintiffs are seeking the Court's guidance on declaring proper ownership for two loans Plaintiffs closed on July 31, 2009, with United Funding Mortgage Corporation. Furthermore, Plaintiffs are requesting the Court temporarily restrain and enjoin any

---

[1] Defendant United Funding Mortgage Corporation has never been served and is not a signatory to this document.

and all Defendants from commencing foreclosure proceedings until proper ownership of the two loans is resolved.

<u>By Defendants</u>: Defendants consent to the description of the case offered by plaintiffs.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

<u>By Plaintiffs</u>: On July 31, 2009, Plaintiffs secured financing on two properties with Defendant United Funding Mortgage Corporation. In exchange for providing said financing, the two loans were secured by security deeds to the two properties, located at 126 Sweetgum Road, Peachtree City, Georgia 30269 and 520 Stonehaven Drive, Fayetteville, Georgia 30215 (collectively the "Properties"). Subsequent to the closing of the Properties, Plaintiffs received numerous communications regarding the servicing of the two loans from United Funding Mortgage Corporation, Roundpoint Mortgage Servicing Corporation, and Nationstar Mortgage, LLC. Upon receiving these communications, Plaintiffs inquired on numerous occasions into who the proper legal owner of the Properties was, and was never provided with a clear and correct answer. Accordingly, almost two years after the closing on the Properties, the question remains as to who is the proper legal owner of the Properties. Accordingly, until this issue is resolved,

Plaintiff does not have any clarification as to who should receive the monthly mortgage payments provided for in the closing documents of the Properties.

By Defendant: This action arises from two loan transactions by and between plaintiffs and United Funding Mortgage Corp. ("United Funding"), both secured by real property owned by plaintiffs. On or about July 31, 2009, to secure the indebtedness evidenced by a loan agreement, plaintiffs executed and delivered to United Funding a Security Deed conveying a first in priority security interest in and to the real property commonly known as 126 Sweetgum Road, Peachtree City, Fayette County, Georgia 30269 (the "Sweetgum property"). On or about July 31, 2009, to secure the indebtedness evidenced by a loan agreement, plaintiffs executed and delivered to United Funding a Security Deed conveying a first in priority security interest in and to the real property commonly known as 520 Stonehaven Drive, Fayetteville, Fayette County, Georgia 30215 (the "Stonehaven property"). Both Security Deeds designate Mortgage Electronic Registration Systems, Inc. ("MERS") as a "nominee for the lender and the lender's successors and assigns" and provide that "MERS is the grantee under this Security Instrument." By nature of two recorded assignments, FDIC as Receiver for Colonial Bank is the successor in interest in and to, and the current holder of, the Security Deeds. Effective September 24, 2010, RoundPoint transferred the

servicing rights in and to plaintiffs' loan transactions to Nationstar Mortgage LLC ("Nationstar").

    (c) The legal issues to be tried are as follows:

<u>Plaintiff</u>:    1. A declaration as to the lawful owner of the two loans;

    2. A declaration as to whether any and all default interest, late penalties and other such charges should be waived until the date that the correct owners and/or servicers of the Loans are determined.

    3. A declaration that the loans be modified to provide that principal and interest payments due thereunder commence only upon the date that the correct owners and/or servicers of the Loans are determined;

    4. A declaration that pursuant to O.C.G.A. §§ 23-3-61 et seq., all clouds on title to the Properties be removed; and

    5. Whether Defendants should be restrained and enjoined from commencing foreclosure proceedings on the Properties until further order of the Court, and until title and ownership of the Properties is resolved.

<u>Defendants</u>:

(a) Whether plaintiffs are entitled to injunctive relief against a foreclosure sale of the properties; (b) whether plaintiffs are entitled to any declaration from the Court, including a declaration as to the "owner" of the loans at issue, whether interest, penalties, charges, expenses, attorney's fees and late charges shall be waived, whether the loans shall be modified, and whether alleged clouds on title shall be removed; and whether defendants complied with all Georgia laws respecting non-judicial foreclosure of the properties.

(d) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases:

        To the parties' knowledge, none.

    (2) Previously Adjudicated Related Cases:

        To the parties' knowledge, none.

2. This case is complex because it possesses one (1) or more of the features listed below (please check): N/A

    \_\_\_\_\_ (1) Unusually large number of parties

    \_\_\_\_\_ (2) Unusually large number of claims or defenses

    \_\_\_\_\_ (3) Factual issues are exceptionally complex

    \_\_\_\_\_ (4) Greater than normal volume of evidence

    \_\_\_\_\_ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_\_\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_\_ (10) Existence of highly technical issues and proof

3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff</u>:  Michael B. Weinstein
Georgia Bar No. 746386
MBW Law, LLC
4640 Valais Court, Suite 203
Alpharetta, GA 30022
(678) 387-3396 (office)
(678) 990-1732 (fax)

<u>Defendants</u>:  Todd H. Surden, Esq.
Georgia Bar No. 774046
McCurdy & Candler LLC
Building 6, Suite 700
3525 Piedmont Road NE
Atlanta, GA 30305

4. Jurisdiction:

Is there any question regarding this court's jurisdiction?

\_\_\_\_Yes     \_X\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

6

separately the claim(s) on which the objection is based. Each objection should be supported by authority.  N/A.

5. Parties to This Action:

    (a) The following persons are necessary parties who have not been joined: To the parties' knowledge, there are no necessary parties that have not been joined.

    (b) The following persons are improperly joined as parties:  None.

    (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  None.

    (d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

 Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings which the parties anticipate will be necessary:  Plaintiffs anticipate they will be dismissing Defendant United Funding Mortgage Corporation from this instant action based on the fact it is no longer in existence.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) <u>Motions to Compel</u>: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) <u>Summary Judgment Motions</u>: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.[2]

(c) <u>Other Limited Motions</u>: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

---

[2] Prior to removal of this action to this Court, Roundpoint filed a motion for summary judgment, to which there has been no response by plaintiffs. That motions remains pending in this action.

(d) <u>Motions Objecting to Expert Testimony</u>: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. The parties do not object to compliance with Fed. R. Civ. P. 26(a)(1) and LR 26.1 relating to initial disclosures, however, Defendant Federal Deposit Insurance Corporation as Receiver for Colonial Bank shall be excused from this requirement as this action is stayed as against it.

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. The parties do not request a scheduling conference with the Court at this time.

10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.  Please state below the subjects on which discovery may be needed:

The areas of discovery expected by the parties include the following:

By Plaintiff:

1. All correspondence and information from all Defendants regarding the Properties;
2. Title and ownership of the Properties;
3. Status of tax and insurance escrow payments made by Plaintiffs on the Properties;
4. Defendant FDIC's investigation into the title and ownership of the two loans.

By Defendant:

Discovery may be necessary regarding the closing of the mortgage loan transactions at issue in this litigation, including all documents relating to same. Discovery may also be necessary regarding plaintiffs' payment history under the

loan agreements, plaintiffs' default thereunder and plaintiffs' ability to reinstate the loan. Discovery may also be necessary regarding plaintiffs' alleged communications with defendants and other parties pertaining to the mortgage loan transaction. Finally, discovery may be necessary on plaintiffs' alleged damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:    None.

11. Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.   None.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?    None.

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 30, 2011, and that they

participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

    For Plaintiff:

    Lead counsel (signature):    */s/ Michael Weinstein*

        Other participants:    None.

    For Defendant:

    Lead counsel (signature):    */s/ Todd H. Surden*

        Other participants:    None

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (_____)    A possibility of settlement before discovery.

    (__X__)    A possibility of settlement after discovery.

    (_____)    A possibility of settlement, but a conference with the judge is needed.

    (_____)    No possibility of settlement at this time.

(c) Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case. N/A

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2010.

(b) The parties (___X__) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 15th day of July, 2011.

| | |
|---|---|
| */s/ Michael B. Weinstein* | /s/ Todd H. Surden |
| Georgia Bar No. 746386 | Georgia Bar No. 774046 |
| 4640 Valais Court, Suite 203 | McCurdy & Candler LLC |
| Alpharetta, GA 30022 | Building 6, Suite 700 |
| (678) 387-3396 | 3525 Piedmont Road NE |
| (678) 990-1732 fax | Atlanta, GA 30305 |
| Attorney for Plaintiff | (404) 373-1612 (tel.) |
| | (404) 370-7232 (fax) |
| | tsurden@mccurdycandler.com |
| | Attorney for Defendants |

## [PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court hereby Orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2011.

_____
Honorable Amy Totenberg